UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-3527 CAS (PJWx) | Date | July 18, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): MOTION TO REMAND CASE (Docket #14, filed June 10, 2013)

MOTION TO REMAND CASE (Docket #15, filed June 10, 2013)

MOTION TO AMEND NOTICE OF REMOVAL (Docket #21, filed June 13, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 22, 2013 is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION

On April 9, 2013, plaintiff Rovince International ("Rovince"), filed this action against defendant Richard Preston ("Preston") in Los Angeles County Superior Court. Preston removed the complaint to this Court on May 15, 2013. Rovince's complaint asserts five claims for relief: (1) breach of contract; (2) breach of fiduciary duty; (3) intentional interference with business relations; (4) interference with prospective business advantage; and (5) injunctive relief.

On June 10, 2013, Rovince filed a motion to remand this case, on the grounds that the requirement of diversity of citizenship is not met, and the notice of removal fails to allege that the amount in controversy is greater than $75,000. In response, Preston filed a motion to amend the notice of removal on June 13, 2013, and also filed an opposition on July 1, 2013. Rovince filed a reply on July 5, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3527 CAS (PJWx) | Date | July 18, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

## II.   DISCUSSION

District courts may exercise diversity jurisdiction over a civil action where "the matter in controversy exceeds the sum or value of $75,000," and the parties are citizens of different states.  28 U.S.C. § 1332(a).  A corporation is a citizen of its state of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).  For natural persons, citizenship is determined by an individual's state of domicile.  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A person's domicile is his or her "permanent home," the state in which he or she resides with the intent to remain.  Id.

Here, the requirement of complete diversity is met.  Rovince was incorporated in California and has its principal place of business in California, and therefore is a California citizen.  Preston is a natural person who currently resides in Arizona and intends to remain there indefinitely, and therefore is an Arizona citizen.  Dkt. #30, Preston Decl., ¶¶ 2 – 4.

Similarly, there is no substantive dispute regarding whether the amount in controversy requirement is met.  Instead, plaintiff's motion to remand is based on a technical error in the notice of removal, which states that the amount in controversy exceeds $50,000, not that the amount in controversy exceeds $75,000.  Dkt. #1, Notice of Removal ¶ 3.  This technical defect in the notice of removal does not provide grounds to remand, particularly in light of the fact that plaintiff is seeking punitive damages in excess of $1,000,000.  Good v. Prudential Ins. Co. of America, 5 F. Supp. 2d 804, 808 – 809 (N.D. Cal. 1998); Ansley v. Metropolitan Life Ins. Co., 215 F.R.D. 575, 577 (D. Ariz. 2003) (punitive damages can be considered for computing amount in controversy).

## III.   CONCLUSION

In accordance with the foregoing, Rovince's motion to remand is hereby DENIED.  Additionally, the Court GRANTS Preston's motion to amend the notice of removal to reflect its contention that the amount in controversy exceeds $75,000.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |