UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3527 CAS (PJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| MONICA SALCIDO | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Priya Abeywardena | Martin Gonzalez |

**Proceedings:** MOTION TO DISMISS THIRD THROUGH SIXTH CAUSES OF ACTION AND MOTION FOR A MORE DEFINITE STATEMENT (Docket #46, filed August 15, 2013)

## I. INTRODUCTION

On April 9, 2013, plaintiff Rovince International ("Rovince"), filed this action against defendant Richard Preston ("Preston") in Los Angeles County Superior Court. Preston removed the complaint to this Court on May 15, 2013. By order dated July 8, 2013, the Court dismissed Rovince's second through fifth claims with leave to amend. Dkt. 41.

On July 26, 2013, Rovince filed its operative First Amended Complaint ("FAC"). The FAC asserts six claims for relief: (1) misappropriation of trade secrets; (2) breach of contract; (3) breach of fiduciary duty; (4) intentional interference with business relations; (5) interference with prospective business advantage; and (6) conversion.

On August 15, 2013, Preston filed a motion to dismiss Rovince's third through sixth claims for relief pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Preston moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Rovince filed an opposition on September 6, 2013, and Preston filed a reply on September 16, 2013. On October 7, 2013, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff Rovince is a company based in Compton, California that manufactures,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-3527 CAS (PJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

distributes, sells, and retreads tires. FAC ¶ 3. Defendant Preston is a former Rovince sales person, who began working at Rovince on February 1, 2012. Id. ¶ 18.

This case arises out of Preston's alleged misuse of Rovince's confidential business information, which Preston purportedly acquired while working for Rovince. Rovince alleges that it possesses trade secrets and other commercially sensitive information regarding its business operations, including information about its customers, business plans, and marketing strategies. Id. ¶ 19–20. To protect this information, Rovince required Preston to sign a confidentiality agreement as a condition of employment. Id. Ex. A. The agreement prevented Preston from publishing or disclosing any confidential information learned during the course of his employment, soliciting Rovince's customers for one year following any termination of Preston's employment, and using Rovince's confidential information to compete with Rovince. Id. Ex. A § 3 – 4; 6 – 7.

On November 26, 2012, Preston resigned from his employment with Rovince. Rovince alleges that following Preston's resignation, Preston has been misusing the confidential information acquired during his employment with Rovince. Id. ¶ 45. Among other things, Preston has allegedly solicited business from Rovince's suppliers and customers. Id. ¶ 22. Rovince alleges that as a consequence of Preston's use of its confidential information, it has lost business opportunities. Rovince seeks compensatory damages, punitive damages, and an injunction restraining Preston from making additional use of Rovince's confidential information and trade secrets.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3527 CAS (PJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

    In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

    Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

    For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

    As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3527 CAS (PJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B.     Motion for a More Definite Statement

Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Furthermore, a motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

## IV.    ANALYSIS

### A.     Preston's Motion to Dismiss

Preston argues that Rovince's third through sixth claims should be dismissed because they are superceded by California's Uniform Trade Secrets Act, California Civil Code §§ 3426 et seq. ("the UTSA").[1] Preston contends that the claims are superceded because the gravamen of the contested claims is that Preston misappropriated trade secrets, and all claims for misappropriation of trade secrets must be brought under the UTSA.

The UTSA is a broad, comprehensive statute designed to bring uniformity and consistency to the law of trade secrets, and also to codify certain case law concerning trade secret remedies. K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc., 171 Cal. App. 4th 939, 957 (2009); Silvaco Data Systems v. Intel Corp., 184 Cal. App. 4th 210, 232-33 (2010) (the UTSA was meant to replace "the notoriously

---

[1] Preston does not seek dismissal of Rovince's second claim for breach of contract. The UTSA "does not affect . . . contractual remedies, whether or not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3527 CAS (PJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

haphazard web of disparate laws governing trade secret liability" with "a relatively uniform and consistent set of rules defining . . . liability."). To accomplish this purpose, the UTSA comprehensively defines the foundational concepts in the law of trade secrets, and determines when damages, injunctive relief, and attorney's fees can be recovered pursuant to a claim for misappropriation of trade secrets. Acculmage Diagnostics Corp. v. Terarecon, Inc., 260 F. Supp. 2d 941, 953 (N.D. Cal. 2003).

California courts have held that due to the UTSA's comprehensive scope, it supercedes common law claims for misappropriation of trade secrets. I.E. Associates v. Safeco Title Ins. Co., 39 Cal.3d 281, 285 (1985) ("The general rule is that statutes do not supplant the common law unless it appears that the Legislature intended to cover the entire subject or, in other words, to occupy the field."); K.C. Multimedia, Inc., 171 Cal. App. 4th at 954 ("At least as to common law trade secret misappropriation claims, [the UTSA] occupies the field in California."). Additionally, the UTSA supercedes other common law claims—including claims for breach of fiduciary duty and interference with contractual relations—if the gravamen of the common law claim is misappropriation of trade secrets. K.C. Multimedia, 171 Cal. App. 4th at 958.

Applying these principles, the Court previously dismissed Rovince's common law tort claims because "to the extent Rovince's claims arise out of Preston's purported misappropriation of trade secrets," those claims were superceded by the UTSA. Dkt. 41 at 5. Because it was unclear whether Rovince intended to pursue common law claims unrelated to the misappropriation of trade secrets, the Court granted Rovince leave to amend. Rovince has now filed its amended complaint, and Preston has renewed his motion to dismiss based on the UTSA. Preston again argues that Rovince's claims are superceded by the UTSA because they are "based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." K.C. Multimedia, 171 Cal. App. 4th at 958.

In its opposition, Rovince concedes that the UTSA supersedes common law claims for misappropriation of trade secrets. Rovince instead appears to contend that because it asserts a claim under the UTSA, it is authorized to also plead common law claims. This argument misunderstands UTSA preemption. Pleading an UTSA claim is not, as Rovince contends, a prerequisite to pleading common law claims. Instead, because "UTSA occupies the field" of trade-secret misappropriation, the UTSA is Rovince's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3527 CAS (PJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

exclusive remedy. AccuImage Diagnostics Corp v. Terarecon, Inc., 260 F. Supp. 2d at 954 (N.D. Cal. 2003); see, e.g., K.C. Multimedia, Inc., 171 Cal. App. 4th at 962 (dismissing common-law claims from complaint that alleged both UTSA and common law claims); Silvaco Data Sys., 184 Cal. App. 4th at 236 (same).

Accordingly, the Court must determine whether Rovince's third through sixth claims "arise out of Preston's purported misappropriation of trade secrets." If so, these claims are superceded by the UTSA and must be dismissed.

### 1. Third Claim–Breach of Fiduciary Duty

Rovince's third claim alleges that Preston breached his fiduciary duty to Rovince. Rovince alleges that "[t]he defendant's employment with the Plaintiff . . . provided him with access to Plaintiff's Trade Secrets. A fiduciary relationship was thereby created between defendant and Plaintiff . . . ." FAC ¶ 44. Rovince does not claim that Preston breached any fiduciary duty unconnected to his alleged misuse of Rovince's "Trade Secrets," which duty arose from his employment contract. Accordingly, the Court finds that Rovince's claim for breach of fiduciary duty is "based on the same nucleus of facts as the misappropriation of trade secrets claim for relief," and should therefore be dismissed because it is superceded by the UTSA.

### 2. Fourth Claim–Intentional Interference with Business Relations

Rovince's fourth claim alleges that Preston intentionally interfered with Rovince's business relations. As an initial matter, there is some ambiguity about the precise tort Rovince is alleging: intentional interference with business relations is more properly characterized as a category of torts rather than a specific tort. See 5 Witkin, Summary of Cal. Law Torts, §§ 730–755 (10th ed. 2005). Because the gravamen of Rovince's claim appears to be that Preston persuaded one of Rovince's suppliers to breach its contract with Rovince, the Court will construe the fourth claim as a claim for inducing breach of contract. Id. §§ 730–740 (categorizing "Inducing Breach of Contract" as a specific tort within the general category "Interference with Business Relations").

To state a claim for inducing breach of contract under California law, Rovince must show (1) a valid contract, (2) Preston's knowledge of this contract, (3) Preston's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3527 CAS (PJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

intentional acts designed to induce a breach or disruption of the contractual relationship, (4) actual breach or disruption of the contractual relationship and (5) damages. See Pac. Gas & Elec. Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1126 (1990). Here, Rovince alleges that Preston contacted Rovince's customers and persuaded several of them to purchase products directly from Laugfs, one of Rovince's suppliers. As a result, Preston allegedly induced Laugfs to breach its contract with Rovince. FAC ¶ 22.

     Preston argues that this claim is superceded by the UTSA because the FAC alleges that Preston used trade secrets when inducing Laugfs to breach its contract. Rovince invokes K.C. Multimedia, Inc., 171 Cal. App. 4th at 960, where the court held that the plaintiff's claim for "tortious interference with contract rests on the same legal and factual basis as its trade secret misappropriation claim."

     But while the FAC may allege that Preston used its trade secrets when inducing Laugfs breach of contract, Rovince's claim does not "arise out of Preston's purported misappropriation of trade secrets." In particular, none of the elements of Rovince's claim for inducing breach of contract will turn on Preston's alleged misuse of confidential information. Accordingly, Rovince could prevail on its claim that Preston induced a breach of contract even if it fails to show that Preston misappropriated trade secrets.

     Preston's reliance on K.C. Multimedia thus misses the mark. In K.C. Multimedia, the defendants allegedly interfered with a contractual relationship by encouraging one of the parties to the contract to misappropriate trade secrets. As such, the K.C. Multimedia plaints could only prevail on their claim for contractual interference if they proved that trade secrets were in fact misappropriated. Here, by contrast, the FAC alleges that Preston's induced Laufgs to breach a supply contract with Rovince. To prevail on this claim, Rovince need not show that Preston misappropriated trade secrets—Preston could be liable for inducing Laufgs to breach even if he had only used publically available information. Accordingly, because Rovince's claim for inducing breach of contract does not "arise out of Preston's purported misappropriation of trade secrets," Rovince's claim is not superceded by the UTSA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3527 CAS (PJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

### 3. Fifth Claim–Intentional Interference with Prospective Business Relations

Rovince's fifth claim alleges that Preston intentionally interfered with Rovince's prospective business advantage by using Rovince's trade secrets to solicit Rovince's customers. In contrast to Rovince's fourth claim for inducing breach of contract, this claim turns on Preston's alleged misuse of Rovince's trade secrets. "Interference with prospective economic advantage, unlike inducing breach of contract, requires wrongful conduct other than the act of interference itself." Witkin, Summary of Cal. Law Torts, § 741 (10th ed. 2005) (citing Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 392-93 (1995)). The only "wrongful conduct" proffered by the FAC is Preston's alleged misappropriation of Rovince's trade secrets. Rovince's fifth claim thus "arise[s] out of Preston's purported misappropriation of trade secrets." As such, it is superceded by the UTSA and must be dismissed.

### 4. Sixth Claim–Conversion

Rovince's sixth claim alleges that Preston converted Rovince's confidential information. To the extent that the conversion claim alleges that Preston took Rovince's trade secrets, this claim relies on "the same nucleus of facts as the misappropriation of trade secrets claim for relief." K.C. Multimedia, 171 Cal. App. 4th at 958; see also Callaway Golf Co. v. Dunlop Slazenger Grp. Americas, Inc., 318 F. Supp. 2d 216, 219-20 (D. Del. 2004) (finding that the UTSA supersedes California law conversion claim).

Rovince, however, alleges that "[d]efendant retained trade and non-trade secrets which are still proprietary and confidential information of" Rovince. FAC ¶ 56 (emphasis added). Rovince does not identify what "non-trade secrets" it is referring to. In any event, Preston correctly points out that this effort to plead around the UTSA is unavailing. To state a claim for conversion, Rovince must show that Preston intentionally interfered with Rovince's property. See Witkin, Summary of Cal. Law Torts, § 701 (10th ed. 2005). Rovince offers no authority to show that it has a property interest in the "non-trade secrets." Indeed, the weight of California authority suggests that one cannot convert intangible property such as "non-trade secrets." Id. § 702. Accordingly, to the extent that Rovince's allegations of conversion are not superceded by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-3527 CAS (PJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

the UTSA, those allegations fail to state a claim for common law conversion, and thus must be dismissed.

### B. Preston's Motion for a More Definite Statement

Preston moves for a more definite statement on the grounds that the FAC is "so vague or ambiguous that [he] cannot reasonably prepare a response." Fed R. Civ. P. 12(e). Preston identifies two defects in the FAC that justify a more definite statement. First, Preston contends that the FAC is ambiguous about the trade secrets Preston allegedly misappropriated. Paragraph 12 of the FAC claims that:

> Plaintiff's trade secrets include, inter alia, product planning, strategic business planning, resource allocation, customer initiatives, customer relationship strengths and weaknesses, pricing and business growth strengths and weaknesses.

Paragraph 17 of the FAC, by contrast, states that:

> [The] Trade Secrets of Rovince . . . contained Rovince's supplier information, customer lists, customer information, customer credit information, pricing and costing of Rovince products, customer buying and selling habits and special needs, Rovince accounting information, supplier information, proprietary software, accounting records, market strategies, business plans, unique methods and procedures regarding pricing and advertising, employee personnel information, purchasing guidelines, collection procedures and payment histories . . . etc."

FAC ¶ 17. The FAC does not specify whether the trade secrets allegedly misappropriated by Preston were the businesses practices enumerated in paragraph 12 or the more specific information enumerated in paragraph 17. Preston contends that this ambiguity leaves him unable to frame a responsive pleading.

The Court agrees. Pursuant to the UTSA, "the party alleging the misappropriation shall identify the trade secret with reasonable particularity." Cal. Code Civ. P. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3527 CAS (PJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

2019.210. "While the Ninth Circuit has not decided whether section 2019.210 applies to actions in federal court, district courts within the circuit have reached differing conclusions on the issue." Soc. Apps, LLC v. Zynga, Inc., 2012 WL 2203063 (N.D. Cal. June 14, 2012) (collecting cases and finding "the reasoning of the cases applying section 2019.210 more persuasive"). Assuming for the moment that section 2019.210 applies in federal court, the FAC's encyclopedic lists do not "identify the trade secret with reasonable particularity." And even if section 2019.210 does not apply, the internal contradictions between paragraph 12 and paragraph 17 leave the FAC "so vague or ambiguous that [Preston] cannot reasonably prepare a response." Fed R. Civ. P. 12(e). Accordingly, the Court grants Preston's motion for a more definite statement as to Rovince's trade-secrets claim.

Second, Preston also objects that Rovince's claim for breach of contract requires a more definite statement. Specifically, Preston claims that the FAC equivocates between, on the one hand, alleging a breach of contract based on Preston contacting Rovince's customers and, on the other hand, alleging a breach based on Preston misappropriating Rovince's business strategies.

The Court finds that the FAC makes out its breach of contract claim with sufficent specificity. Unlike the trade-secrets claim, Rovince's multiple allegations on the contract claim are not internally contradictory: Preston could well have breached two separate provisions of his contract with Rovince. Furthermore, details delineating the precise contours of Rovince's contract allegations can be obtained through discovery, and "[i]f the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993). As such, the Court denies Preston's motion for a more definite statement as to Rovince's contract claim.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS Preston's motion to dismiss the third, fifth and sixth claims of Rovince's FAC. Because the Court concludes that the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficienc[ies]" under the UTSA of the third, fifth and sixth claims, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3527 CAS (PJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | ROVINCE INTERNATIONAL CORPORATION V. RICHARD PRESTON | | |

Court dismisses these claims with prejudice. Schreiber Distrib. Co., 806 F.2d at 1401. The Court DENIES Preston's motion to dismiss the fourth claim of Rovince's FAC.[2]

The Court GRANTS Preston's motion for a more definite statement as to Rovince's trade-secrets claim and DENIES Preston's motion for a more definite statement as to Rovince's contract claim. Rovince shall file an amended complaint setting forth a more definite statement of its trade-secrets allegations no later than **November 1, 2013.**

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | MS | | |

---

[2] In its opposition, Rovince asks the Court to sanction Preston for filing this motion to dismiss. Because the Court finds Preston's motion to dismiss at least partly meritorious, Rovince's request for sanctions is denied. This is the third time Rovince has requested sanctions without following the procedures provided by Fed. R. Civ. P. 11. See Dkt. 14 at 8; Dkt. 18 at 9–10. Rovince is admonished to comply with Rule 11 in any future request for sanctions.